**FROM: The District Court of the 20th Judicial District. County of Lake.**

STATE OF MONTANA,

Plaintiff,                                                          NO. DC 94-88

VS.                                                                      DECISION

Randy A. Eastvold,

Defendant.

On June 28, 1995, it was ordered that the suspension of sentence heretofore entered on January 11, 1995 is revoked. It is further ordered that the defendant be punished by confinement in the Montana State Prison for a period of ten (10) years, with five (5) years suspended. The defendant shall receive credit for time previously served on this offense at initial sentencing of one hundred twenty (120) days, and on this revocation which as of the date of this judgment totals forty-two (42) days, for a total jail credit of one hundred sixty-two (162) days. The defendant shall not receive credit for any other elapsed probationary time due to his violations of his probation. It is further ordered that pursuant to MCA 46-18-202(2), the defendant not be considered eligible for parole until he has successfully completed the inpatient chemical dependency treatment program at the Montana State Prison. The Court finds that the defendant has shown an unwillingness or inability to complete alcohol treatment and remains a danger to society. It is recommended that the defendant not be considered eligible for parole until he has successfully completed mental health and anger management counseling at the Montana State Prison. The Court further orders that the suspended portion of the sentence shall be upon the conditions as stated in the June 28, 1995 judgment. The defendant shall continue to be responsible for restitution as previously ordered to Gladys Owen, 1305 Rocky Point Road, Polson, Montana, in the amount of Forty-Five Dollars ($45.00). The defendant shall continue to be responsible for the fine and surcharge as previously ordered in the amount of Three Hundred Forty-Five Dollars ($345.00). The defendant continue to be responsible for the mandated super-visory fee of $120.00 per year, prorated at $10.00 per month, for the number of months under supervision. Payments on the fee shall be made in the amount of $30.00 per quarter.

On October 19, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence

imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 19th day of October, 1995.

DATED this 1st day of November, 1995.

**Hon. John Warner, Chairman, Hon. Ted O. Lympus, Member, Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank Randy Eastvold for representing himself in this matter.